UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAJA SHOUKAT,<br><br>                    *Plaintiff*,<br>v.<br><br>GOODLEAP, LLC,<br>TITAN SOLAR POWER INC.,<br>TITAN SOLAR POWER NJ, LLC,<br>SUNBEAM SOLAR LLC,<br><br>                    *Defendant.* | Civil Action No. 23-22603<br><br>OPINION<br><br>April 23, 2025 |

**SEMPER**, District Judge.

The current matter comes before the Court on Raja Shoukat's ("Plaintiff") Motion for Default Judgment against Sunbeam Solar, LLC ("Defendant" or "Sunbeam") pursuant to Federal Rule of Civil Procedure ("Rule") 55(b)(2). (ECF 70, "Mot.") The Court has decided this motion upon submission, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 78.1. For the reasons stated below, Plaintiff's motion is **GRANTED**.

I.       FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is a natural person who resides in Piscataway, New Jersey. (ECF 44, "Compl." ¶ 10.) Plaintiff's native language is Punjabi, and his English language skills are limited. (*Id.* ¶ 11.) Defendant is a limited liability company with a principal place of business at 500 Metlars Lane, Piscataway, NJ 08854, and with a registered office at Five Greentree Centre, 525 Rte. 73 N, Ste 104, Marlton, NJ 08053, with the registered agent Registered Agents Inc. (*Id.* ¶ 21.) Defendant is a sales agent of co-defendants Titan Solar Power Inc., Titan Solar Power NJ, LLC (collectively "Titan"), and GoodLeap, LLC. (*Id.* ¶ 21.) The Titan entities market, sell, lease, design, construct, install, and service solar power systems on residential properties; GoodLeap provides financial

services in partnership with Titan; and Defendant acts as a sales agent engaging prospective customers on behalf of Titan and GoodLeap.[1] (*Id.* ¶¶ 14-20.)

Plaintiff alleges that in November 2022, a sales agent from Sunbeam visited Plaintiff at his home and offered to install solar panels on his property. (Mot. at 2.) The transaction was to be structured as a 25-year loan for $25,000 from Plaintiff as lender to Defendant as borrower, in which Plaintiff would be repaid by state and federal incentive funds twice per month, and Plaintiff's electricity bill would drop from the pre-installation range of $100-$150 per month to $25 per month post-installation. (*Id.*) Plaintiff found these terms favorable and agreed to the transaction. (*Id.*) Plaintiff alleges that Defendant's sales agent entered Plaintiff's personal information, such as his social security number, into a computer to perform a credit check. (*Id.*) After the panels were installed, Plaintiff alleges that he received an unauthorized debit from his bank account from an unknown company. (*Id.*) Upon investigating the charge, Plaintiff found that his money was taken by Defendant's principals, Titan and GoodLeap. (*Id.* at 2-3.) Upon further inquiry, on August 9, 2023, GoodLeap emailed Plaintiff a 25-year loan contract ("Loan Contract") signed by "Sufyan Shoukat" totaling $142,948.38. (*Id.* at 3.) Plaintiff alleges that he never saw the Loan Contract until receiving GoodLeap's email, and that the Loan Contract bears forged signatures and initials and an incorrect email address. (*Id.*) Plaintiff alleges that he has received no material benefit from the solar panels to date, and that Sunbeam, through forgery and deception, has trapped him in $142,948.38 of debt. (*Id.*)

---

[1] The Titan defendants declared Chapter 7 bankruptcy, and the case was stayed as to those defendants only. (ECF Nos. 53, 55, 56.) Defendant GoodLeap has been dismissed from this case pursuant to the parties' stipulation docketed at ECF No. 74 (Stipulation of Dismissal as to GoodLeap, LLC).

Plaintiff filed the instant lawsuit on November 22, 2023, seeking damages related to New Jersey's Consumer Fraud Act, identity theft and forgery, and fraudulent concealment and nondisclosure, in relevant part. (Compl. ¶¶ 84-107.) Defendant failed to answer or otherwise defend against the Complaint. On July 29, 2024, Plaintiff petitioned the Clerk of the Court for an entry of default against Defendant pursuant to Rule 55. (ECF 57.) The Clerk of the Court entered default against Defendant that same day. Defendant has not challenged the default, opposed this motion, or appeared in this action.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) "authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). Before the Court grants a motion for default judgment, however, it must ensure, *inter alia*, (1) that personal jurisdiction exists over the Defendants and (2) "that entry of default under Rule 55(a) was appropriate." *Gov't Emps. Ins. Co. v. Pennsauken Spine & Rehab P.C.*, No. 17-11727, 2018 WL 3727369, at *2 (D.N.J. Aug. 6, 2018). Where the Court has jurisdiction, because the entry of default judgment prevents a decision on the merits, the mere fact of default does not entitle a plaintiff to judgment. Rather, "[i]t is well settled in this Circuit that the entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)).

Once a party has defaulted, the "consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (quoting 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure, § 2688 at 444 (2d ed. 1983)). An entry of

3

default judgment requires that the Court determine whether a sufficient cause of action has been stated "since a party in default does not admit mere conclusions of law." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). After a cause of action has been established, district courts must then determine whether the entry of default judgment would be proper by considering: (1) whether the party subject to default has a meritorious defense, (2) whether there is prejudice to the plaintiff if default judgment is denied, and (3) whether the default was due to the defendant's culpable conduct. *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *Hritz*, 732 F.2d at 1181.

### III.   ANALYSIS

#### A. Jurisdiction

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015) (quoting *Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, LLC*, No. 08-3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008)).

The Court has both subject matter jurisdiction over this dispute and personal jurisdiction over Defendant. Subject matter jurisdiction here originates in the federal question presented in Count IV of the Complaint under 28 U.S.C. § 1331 ("Section 1331"), and it extends to the New Jersey state law claims in Counts I-III via supplemental jurisdiction under 28 U.S.C. § 1367(a) ("Section 1367(a)"). (Compl. ¶¶ 7-8.) Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States." In Count IV of the Complaint, Plaintiff alleges that defendant GoodLeap violated the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"). (Compl. ¶¶ 108-119.) Per

4

Section 1331, this court has original jurisdiction over Count IV. Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Supplemental jurisdiction is appropriate when there is a common nucleus of operative fact and whether the claims are part of the same case or controversy under Article III." *Testa v. Hoban*, No. 17-1618, 2018 WL 623691, at *6 (D.N.J. Jan. 30, 2018) (internal citations and quotations omitted). Here, Plaintiff's claims arise from his allegations that Defendant, as sales agent of Titan and Goodleap, used fraud, identity theft, forgery, and concealment to induce Plaintiff to enter into the Loan Contract that is the subject of the allegations in Count IV. (Compl. ¶¶ 84-107.) Accordingly, the Court finds these allegations share a "common nucleus of operative fact" with Plaintiff's federal claim against Goodleap such that the claims in Counts I-III "are part of the same case or controversy." *Testa*, 2018 WL 623691, at *6. The Court will therefore exercise supplemental jurisdiction over Plaintiff's claims against Defendant at this time.[2]

---

[2] As mentioned, the court dismissed GoodLeap and Count IV from this case. (*See* supra n.1, ECF No. 74.) 28 U.S.C. § 1367(c)(3) provides that "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction." This Court could therefore decline to exercise supplemental jurisdiction over the remaining claims against Sunbeam. But, the Third Circuit has stated that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims *unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.*" *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) (emphasis added); *see also N. Sound Cap. LLC v. Merck & Co.*, 938 F.3d 482, 494 n.11 (3d Cir. 2019) (same). Here, the Court finds that these considerations weigh in favor of retaining supplemental jurisdiction, as doing so allows the Court to adjudicate this dispute here and now rather than forcing Plaintiff to start the lawsuit anew in a backlogged New Jersey state court to pursue his claim against a defendant that has already defaulted, as Plaintiff indicated he would. (ECF No. 76.)

The Court also has personal jurisdiction over Defendant. "With respect to a corporation, the place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (alteration in original) (internal quotation omitted). "Courts have applied the *Daimler* rules to limited liability companies with equal force." *Griggs v. Swift Transp. Co.*, No. 17-13480, 2018 WL 3966304, at *2 (D.N.J. Aug. 17, 2018) (quotation omitted). As a result, "for the purposes of general personal jurisdiction, a limited liability company's citizenship is that of its principal place of business and state of [formation]." *Rodriquez Rivera v. Loto Grp., LLC*, No. 20-4062, 2020 WL 7384720, at *1 (D.N.J. Dec. 16, 2020) (quoting *Hannah v. Johnson & Johnson Inc.*, No. 18-10319, 2020 WL 3497010, at *16 (D.N.J. June 29, 2020)). Here, Plaintiff alleges that Defendant's principal place of business is in Piscataway, New Jersey. (Compl. ¶ 21.) Because Defendant is "at home" in New Jersey, this Court has personal jurisdiction over Defendant.

### B. Service of Process

As a limited liability company, Defendant may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). In the alternative, service can be effectuated by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1); *id.* at 4(h)(1)(A). Service was allegedly made in New Jersey. According to New Jersey law, a limited liability company shall be served "by serving a copy of the summons and complaint in the manner prescribed by paragraph (a)(1) of this rule on

an officer or managing agent or, in the case of a partnership, a general partner[.]" N.J. Ct. R. 4:4-4(a)(5).[3]

Here, Plaintiff provides the Court with an Affidavit of Service dated June 18, 2024. (ECF 47.) The Affidavit of Service indicates that personal service was made upon Defendant's managing agent, Victoria Clarke, at Defendant's registered office in Marlton, New Jersey. (*Id.*) Thus, the Court is satisfied that it has jurisdiction to enter default judgment, and that Defendant was properly served. *See Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008).

### C. Sufficiency of Plaintiff's Causes of Action and Damages

After establishing that this Court has jurisdiction, and that service was proper, the Court must determine whether the Complaint states proper causes of action.

#### 1. Count 1: New Jersey Consumer Fraud Act

The New Jersey Consumer Fraud Act ("CFA") prohibits the use of "any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise." N.J. Stat. Ann. § 56:8-2. Further, under the CFA it is unlawful "for a person in connection with a sale of merchandise to require or request the consumer to sign any document as evidence or acknowledgment of the sales transaction, of the existence of the sales contract, or

---

[3] N.J. Ct. R. 4:4-4(a)(1) states that service must be made "[u]pon a competent individual of the age of 14 or over, by delivering a copy of the summons and complaint to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein, or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf."

7

of the discharge by the person of any obligation to the consumer specified in or arising out of the transaction or contract, unless he shall at the same time provide the consumer with a full and accurate copy of the document so presented for signature." N.J. Stat. Ann. § 56:8-2.22.  Per the CFA's attendant regulations, it is illegal to "[k]nowingly fail to make any material statement of fact, qualification or explanation if the omission of such statement, qualification or explanation causes an advertisement, announcement, statement or representation to be false, deceptive or misleading."  N.J. Admin. Code § 13:45A-16.2(a)(9)(ii).  The CFA also requires that "[e]very home improvement contract for a purchase price in excess of $500, and all changes in the terms and conditions of the contract, shall be in writing" and "signed by all parties[.]" N.J. Stat. Ann. § 56:8-151(a); *see also* N.J. Admin. Code § 13:45A-16.2(a)(12).  Lastly, the CFA provides that "a home improvement contract may be cancelled by a consumer for any reason at any time before midnight of the third business day after the consumer receives a copy of it." N.J. Stat. Ann. § 56:8-151(b).

      The well-pleaded factual allegations in Plaintiff's Complaint favor entering default judgment against Defendant for violating the provisions and regulations of the CFA.  Plaintiff sufficiently alleged that in November 2022, he was visited at his home by Defendant's representative, who offered to install solar panels on his property in exchange for a 25-year loan for $25,000, for which Plaintiff understood he would be reimbursed by state and federal incentives. (Compl. ¶¶ 28-32.)  Plaintiff further alleges that Defendant's representative took Plaintiff's personal information (such as his social security number), ran a credit check, and accessed Plaintiff's iPhone. (*Id.* ¶¶ 33-34.)  Plaintiff also alleges that he repeatedly requested that Defendant supply him with copies of the contract, and that he did not receive any such documentation of the

8

transaction until August 9, 2023, when he received the Loan Contract for $148,948.38. (*Id.* ¶¶ 35-48.) Taken as true, these allegations sufficiently plead a claim that Defendant violated the CFA.

### 2. Count 2: Identity Theft and Forgery

Under New Jersey law, "[a]ny person who suffers any ascertainable loss of moneys or property, real or personal, as a result of the use of that person's personal identifying information, in violation of N.J.S.2C:21-1" or "N.J.S.2C:21-17… may bring an action in any court of competent jurisdiction." N.J. Stat. Ann. § 2C:21-17.4. New Jersey's law against forgery provides, in relevant part, that

> A person is guilty of forgery if, with purpose to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor…[m]akes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize that act or of a fictitious person, or to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when no such original existed.

N.J. Stat. Ann. § 2C:21-1(a)(2).

New Jersey's anti-identity theft law provides that

> A person is guilty of a crime if the person engages in one or more of the following actions by any means including, but not limited to, the use of electronic communications or an Internet website…[o]btains any personal identifying information pertaining to another person and uses that information, or assists another person in using the information, in order to assume the identity of or represent himself as another person, without that person's authorization and with the purpose to fraudulently obtain or attempt to obtain a benefit or services.

N.J. Stat. Ann. § 2C:21-17(a)(4).

Taken as true, Plaintiff's allegations in the Complaint sufficient plead violations of New Jersey's anti-forgery and anti-identity theft laws and authorize him to sue for damages under the statutory cause of action. Plaintiff alleges that Defendant, in concert with the co-defendants, used Plaintiff's personal information to create a false identity under the name "Sufyan Shoukat" with a false email address that closely mirrored Plaintiff's actual email address, all in service of burdening

9

Plaintiff with the debt obligations in the Loan Contract. (Compl. ¶¶ 47-54.) Plaintiff also alleges that Defendant forged his signature and initials in service of the same end. (*Id.* ¶¶ 55-64.) These allegations properly make out a claim for identity theft and forgery under New Jersey law.

### 3. Count 3: Fraudulent Concealment and Nondisclosure

To state a claim for fraudulent concealment, Plaintiff must establish "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Argabright v. Rheem Mfg. Co.*, 201 F. Supp. 3d 578, 602 (D.N.J. 2016). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The complaint must allege "the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Feingold v. Graff*, 516 F. App'x 223, 226 (3d Cir. 2013) (quoting *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)). While Rule 9(b)'s requirements may be "relaxe[d]" when the plaintiff "demonstrate[s] that specific information is in the exclusive control of the defendant," the plaintiff must nonetheless "allege facts suggesting fraudulent concealment." *Weske v. Samsung Elecs., Am., Inc.*, 934 F. Supp. 2d 698, 703 (D.N.J. 2013) (internal citations omitted).

Here, Plaintiff has sufficiently alleged facts suggesting that Defendant fraudulently concealed material information about the Loan Contract with sufficient particularity to satisfy Rule 9(b)'s heightened pleading standard. As discussed *infra*, Plaintiff alleges that the fraud took place in or about November 2022, at Plaintiff's residence, when Defendant's representative concealed information about terms of the Loan Contract. (Compl. ¶¶ 28-32.) Plaintiff thus meets the

10

particularity requirement of Rule 9(b) by giving Defendant notice of the exact conduct and circumstances that form the basis of the fraudulent concealment claim. Plaintiff also alleges that Defendant concealed material information, such as the amount of the loan Plaintiff agreed to exchange for the installation of the solar panels, and the cost of financing the loan. (*Id.* ¶¶ 47-54.) Plaintiff alleges that Defendant concealed this information knowingly, with the intent that Plaintiff rely upon Defendant's incomplete representations. (*Id.* ¶¶ 103-107.) Plaintiff demonstrated reasonable reliance on Defendant's representations by proceeding with the transaction and allowing the solar panels to be installed on his property. (*Id.* ¶¶ 41-42.) Finally, Plaintiff has pleaded damages in the amount of the debt obligation under the Loan Contract, to wit, $142,948.38. (*Id.* ¶¶ 47-54.)

### D. Whether The Entry of Default Judgment Would Be Proper

Defendant has no meritorious defense based on the limited record before the Court. *See e.g.*, *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (finding no meritorious defense where court could not determine its existence since defendant did not respond). Defendant was properly served and failed to appear, defend, or otherwise respond to the complaint. *See supra.* Plaintiff is clearly prejudiced by Defendant's failure to respond as Plaintiff has been prevented from prosecuting its case and seeking relief. *See Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012) ("Plaintiff will suffer prejudice if the Court does not enter default judgment as Plaintiff has no other means of seeking damages for the harm caused by Defendant.").

Similarly, absent any evidence to the contrary, "the Defendant's failure to answer evinces the Defendant's culpability in default." *Teamsters Pension Fund of Phila.*, 2011 WL 4729023, at *4. In this case, there is nothing before the Court to show that Defendants' failure to respond was

11

not willfully negligent. *See id.* (citing *Prudential Ins. Co. of America v. Taylor*, No. 08-2108, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009)) (finding that when there is no evidence that the defendant's failure to answer the complaint was due to something other than its own willful negligence, the defendant's conduct is culpable and default judgment is warranted). Accordingly, the Court will enter default judgment against Defendant as to liability.

### E. Relief

Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. *Moroccanoil Inc. v. JMG Freight Group LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). To prove damages, Plaintiff submitted the tables from the Loan Contract showing details about the rates, amounts, and payment schedules he is obligated to adhere to. (Compl. ¶¶ 47-54, 62.) At base, Plaintiff seeks the $142,948.38 in actual damages that resulted when Defendant, through fraud, forgery, identity theft, and concealment, induced Plaintiff to agree to the Loan Contract. (*Id.* ¶ 48.) These damages are recoverable as compensatory damages under the New Jersey statutes that form the bases of Counts I and II of the Complaint. The CFA also mandates an assessment of treble damages against violators as a punitive measure to deter other would-be bad actors from engaging in the type of conduct alleged here. N.J. Stat. Ann. § 56:8-19. Accounting for this statutory mandate, the damages Plaintiff seeks amount to $428,845.14.

The Court finds that Plaintiff has made an adequate showing of damages. The Court finds that Plaintiff is entitled to recover the amount of $428,845.14 in actual and treble damages. Plaintiff also requests equitable relief requiring Defendant to remove the solar panels and repair any damage to Plaintiff's property. The Court finds that Plaintiff has made an adequate showing to justify this relief, at cost to the Defendant.

The Court will enter default judgment against Defendant accordingly.

## IV.   CONCLUSION

For the reasons stated above, Plaintiff's Motion for Default Judgment (ECF No. 70) is **GRANTED**. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:     Michael A. Hammer, U.S.M.J.
        Parties